HONORABLE RONALD B. LEIGHTON

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| EMIEL KANDI,<br><br>              Petitioner,<br><br>   v.<br><br>UNITED STATES OF AMERICA,<br><br>              Respondent. | CASE NO. CR13-5369RBL<br><br>CV16-5389RBL<br><br>ORDER DENYING MOTION FOR RELIEF PURSUANT TO FED.R.CIV.P. 60(B) |

THIS MATTER is before the Court on Petitioner's Motion for Relief Pursuant to Fed. R. Civ. P. Rule 60(b) [Dkt. #78]. The Court has reviewed the materials for and against said motion and for the following reasons the Court **DENIES** said motion.

On April 18, 2014, Emiel Kandi pleaded guilty to two counts of a seven-count Indictment related to a mortgage fraud scheme. CR 36, 37. Kandi pleaded guilty to Count 1, which charged Conspiracy to Make False Statements to HUD, and Count 2, which charged Making False Statements in a Loan Application. On October 22, 2014, the Court sentenced Emiel Kandi to 60 months' imprisonment on Count 1, and 60 months' imprisonment on Count 2, with the sentences to be served concurrently. CR 51. Per his

Plea Agreement, Kandi waived his right to challenge the sentence on appeal, and he did not file a notice of appeal.

On May 23, 2016, the Court received and filed Kandi's Motion to Correct Sentence under 28 U.S.C. § 2255 ("the 2255 Motion"). *See Kandi v. United States*, No. CV 16-5389RBL ("CV"). In the 2255 Motion, Kandi claimed that his plea was not voluntary and second, he claims that he received ineffective assistance of counsel. Kandi filed motions for writs of *audita querela* and *quo warranto*. He also filed a motion for sentencing reduction under 18 U.S.C. § 3582(c)(2) based on an amendment to the "sophisticated means" enhancement.

On October 27, 2016, the Court denied his petition on all grounds, finding that it was both untimely and meritless. *See* CV 18 (2255 Order).

On October 13, 2017, Kandi prepared a motion for relief pursuant to Federal Rule of Civil Procedure 60(b) ("Rule 60(b) Motion"). CR 78 (Motion); CR 79 (Memorandum in Support); CR 80 (Affidavit). Fed. R. Civ. P. 60(b) allows a court to relieve a party from a civil judgment, for certain enumerated reasons, upon a motion filed within one year. *See* Fed. R. Civ. P. 60(b)(1)-(6); 60(c)(1). As to reasons, Kandi apparently brings the Rule 60(b) Motion pursuant to Section (b)(6), which permits a court to grant relief for "any other reasons that justifies relief." CR 79 at 6. As to timing, the Rule 60(b) Motion apparently seeks relief from the 2255 Order entered in 2016.

Kandi seeks relief from the 2255 Order on three grounds: 1) the Court improperly applied a leadership sentencing guidelines enhancement (CR 79 at 1-3); 2) the Court improperly applied an abuse of trust guidelines enhancement (CR 79 at 3-4); and 3)

Kandi was improperly convicted of conspiracy without any named co-conspirators or related cases (CR 79 at 4-6).

As an initial matter, it is clear that the Rule 60(b) Motion can only be directed to the civil judgment, not the criminal judgment. The motion is brought pursuant to the rules of civil procedure. *Cf. United States v. McAllister*, 601 F.3d 1086, 1087 (10th Cir. 2010) (finding that Rule 60(b) motion not available to challenge denial of motion for reduction of sentence). Also, it is not timely under the rules of criminal procedure.

Considered as a challenge to the 2255 Order, the Rule 60(b) Motion still must fail, because it is actually a second successive 2255 petition. A second 2255 petition must be authorized by an appropriate court. *See* 28 U.S.C. § 2255(h).

To distinguish between a second successive 2255 petition and a legitimate Rule 60(b) motion, courts examine whether the motion raises a "new claim" or merely "attacks the federal court's resolution of a claim on the merits." *Gonzalez v. Crosby*, 545 U.S. 524, 531-32 (2005). On the other hand, if the motion asserts some defect in the integrity of the federal habeas proceedings, it is a legitimate Rule 60(b) motion. *United States v. Washington*, 653 F.3d 1057, 1063 (9th Cir. 2011). An example of a defect in the integrity of the habeas proceedings is a fraud on the federal habeas court. *See id.*; *see also Todd v. United States*, No. C11-470JLR, 2012 WL 5351845, *2 (W.D. Wash. Oct. 29, 2012).

Kandi's Rule 60(b) Motion, which attacks the guidelines and his conspiracy conviction, raises new claims and is a prohibited second 2255. Kandi also attacks the merits of the Court's ruling on the 2255 by challenging the Court's declination to hold an evidentiary hearing. CR 79 at 7-8. An allegation that a district court judge declined to

conduct an evidentiary hearing "does not constitute an allegation of a defect in the integrity of the proceedings; rather, such arguments are merely asking 'for a chance to have the merits determined favorably.'" *Washington*, 653 F.3d at 1064, *quoting Gonzalez*, 545 U.S. at 532 n.5. It is clear that the Rule 60(b) Motion is merely a second successive 2255 motion.

For the foregoing reasons, the Rule 60(b) motion [Dkt. #78] is **DENIED** and the Court **DENIES** the issuance of a certificate of appealability.

Dated this 5th day of February, 2018.

Ronald B. Leighton
United States District Judge