UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>EMIEL A. KANDI,<br><br>　　　　　Defendant. | CASE NO. CR13-5369-BHS<br><br>ORDER |

This matter is before the Court on pro se defendant Emiel Kandi's writ of error *coram nobis*, Dkt.145.

In April 2014, Kandi pleaded guilty to Conspiracy to Make False Statements in Loan Applications and Submitting False Statements in Loan Applications. Dkt. 37. At his change of plea hearing he stated that he had "gone back and forth" with his counsel about the statement of facts and thought "it's as good as it's going to get at this point." Dkt. 39 at 15-16. Kandi acknowledged that he was waiving his right to appeal his conviction and sentence except "in the event of ineffective assistance of counsel." *Id.* at 11; Dkt. 37, ¶ 14. The Honorable Ronald B. Leighton found the guilty plea knowing and voluntary, and

ORDER - 1

sentenced Kandi to 60 months of custody and 3 years of supervision. Dkt. 39 at 17; Dkt. 51. Kandi completed his supervised release term in July 2022. Dkt. 145.

Kandi has challenged his conviction and sentence several times, all of which the Court has denied. *See, e.g.,* Dkt. 65–67, 69, 78, 85, 87–88. In 2019, Kandi filed a motion to modify conditions of his supervision. Dkt. 105. He also filed a petition for writ of error of *coram nobis*, alleging ineffective assistance of his counsel because his counsel "affirmatively misrepresent[ed] the ongoing collateral effects of the plea bargain" and "fail[ed] to file a timely appeal." Dkt. 106 at 3. He also alleged the Court erroneously convicted him of conspiracy. *Id.* The Court denied both these motions. Dkt. 130.

Kandi now petitions for a second writ of *coram nobis*, raising the same arguments again. Dkt. 145.

The Government contends, in part, that Kandi's arguments are barred by the law of this case and otherwise meritless. Dkt. 147.

A writ of *coram nobis* is an "extraordinary remedy" available only in compelling circumstances. *United States v. Morgan*, 346 U.S. 502, 511 (1954). Courts use the writ "only to review errors of the most fundamental character" such that the defendant faces a high bar to receive one. *Matus-Leva v. United States*, 287 F.3d 758, 760 (9th Cir. 2002) ("failure to meet any one of [the five requirements] is fatal").

The "law of the case" doctrine precludes courts from "'reconsidering an issue that has already been decided by the same court, or a higher court in the identical case.'" *United States v. Alexander*, 106 F.3d 874, 876 (9th Cir. 1997) (quoting *Thomas v. Bible*, 983 F.2d 152, 154 (9th Cir. 1993)). A court may exercise its discretion to depart from the

1  law of the case if "1) the first decision was clearly erroneous; 2) an intervening change in
2  the law has occurred; 3) the evidence on remand is substantially different; 4) other
3  changed circumstances exist; or 5) a manifest injustice would otherwise result." *Id.*

4        The Court concludes that the law of the case doctrine precludes it from re-
5  adjudicating the issues Kandi raises. Kandi renews, verbatim, the arguments he made in
6  his first petition for a writ of error *coram nobis*, Dkt. 106. The Court already addressed
7  these issues, Dkts. 130, 136, and Kandi fails to persuasively raise any of the conditions
8  that permit the Court to circumvent the law of the case doctrine. Even if Kandi had
9  brought new arguments in this petition, he does not meet the high burden of proof
10 required to receive a writ of *coram nobis*.

11       Therefore, it is hereby **ORDERED** that Kandi's petition for writ of *coram nobis*,
12 Dkt. 145, is **DENIED**.

13       Dated this 28th day of October, 2024

                        BENJAMIN H. SETTLE
                        United States District Judge